IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **APRESE SYSTEMS TEXAS, LLC,** *Plaintiff*, <br><br> *v.* <br><br> **AUDI AG and AUDI NORTH AUSTIN,** *Defendants*. | 6:21-CV-01014-ADA |

## MEMORANDUM OPINION AND ORDER

The Court considers Plaintiff Aprese Systems Texas, LLC's ("Plaintiff" or "Aprese") Motion for Leave to Effectuate Alternative Service (the "Motion") on Defendant Audi AG ("AAG"). Plaintiff filed the Motion on January 4, 2022. ECF No. 14. AAG specially appeared before the Court and filed its Response in Opposition to Plaintiff's Motion on January 10, 2022. ECF No. 18. Plaintiff filed its Reply on January 20, 2022. ECF No. 20. After considering the briefing, the Court **DENIES** Plaintiff's Motion for Leave to Effectuate Alternative Service.

## I. BACKGROUND

Aprese, a Texas limited liability company and is headquartered in Austin, Texas, filed suit on September 30, 2021 against Defendants AAG and Audi North Austin ("ANA"). ECF No. 1 ¶¶ 1–2. ANA is a Texas Corporation with a principal place of business in Austin, but AAG is a foreign corporation located in Germany. *Id.* ¶¶ 2, 4. On January 4, 2022, Aprese filed its Motion for Leave to Effectuate Alternative Service on AAG. ECF No. 14. AAG specially appeared for the limited purpose of filing a Response in Opposition to Aprese's Motion on January 10, 2022. ECF. No. 18. Jacqueliene P. Altman of Naman Howell Smith & Lee, PLLC represents AAG in its special appearance. ECF No. 18 at 6. Aprese requests leave to serve AAG by emailing Daniel Yonan of Sterne, Kessler, Goldstein, & Fox PLLC, who represented AAG in past proceedings. ECF No. 14-

1

2; ECF No. 14-3. Aprese asked Mr. Yonan to accept or waive service on AAG's behalf, but Mr. Yonan responded that AAG will not authorize him to do so. ECF No. 14-1.

## II. LEGAL STANDARD

Service of process on a foreign defendant must comply with (1) the Federal Rules of Civil Procedure; (2) international agreements entered into by the United States and the relevant foreign country; and (3) the due process protections afforded by the United States Constitution. Here, the parties dispute only how this Court should apply the Federal Rules of Civil Procedure.

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations. Fed. R. Civ. P. 4. Pursuant to Rule 4(h)(2), service on a foreign corporation is to be conducted "in any manner prescribed by Rule 4(f) for serving an individual except for personal delivery under (f)(2)(C)(i)." *Id.* Rule 4(f) states that service on a foreign defendant must comply with one of three provisions. *Id.* Service may be made (1) "by any internationally agreed means of service that is reasonably calculated to give notice," (2) "if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice," or (3) "by other means not prohibited by international agreement, as the court orders." *Id.* Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains permission of the court and the method is not otherwise prohibited by international agreement. *Id.* "Thus, so long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service." *Monolithic Power Sys. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2021 U.S. Dist. LEXIS 205909, at *3 (W.D. Tex. Oct. 25, 2021).

The parties' dispute centers on whether a plaintiff must first attempt service under Rule 4(f)(1) or Rule 4(f)(2) before requesting service by an alternative method pursuant to Rule 4(f)(3).

Plaintiff argues the Federal Rules require no such effort. "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of

an alternative method of service pursuant to Rule 4(f)(3)." *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019). "To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Monolithic*, 2021 U.S. Dist. LEXIS 205909, at *3 (internal quotation and citation omitted). "District courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *Terrestrial Commc'ns LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909, at *6 (W.D. Tex. June 17, 2020).

AAG argues that Plaintiff must first attempt service under Rule 4(f)(1) or Rule 4(f)(2) before requesting an alternative method of service pursuant to Rule 4(f)(3). "Indeed, this Court has time-and-again recognized that 'principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 U.S. Dist. LEXIS 222677, at *4 (W.D. Tex. Nov. 18, 2021) (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, at *5 (S.D. Ohio May 1, 2014)); *see also Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec. Inc.*, No. 6:21-CV-00423-ADA, 2021 U.S. Dist. LEXIS 185134, at *2 (W.D. Tex. Sep. 27, 2021) ("The Court will not permit alternative service here where Plaintiff has not shown that it attempted service through other means first."); *Monolithic*, 2021 U.S. Dist. LEXIS 205909, at *3 ("The Court will not permit alternative service here where MPS has not shown that it has at least made some effort to serve QBT and STIT through other means first.").

Because various courts exercised their "considerable discretion" in different ways, the Court clarifies how it exercises its discretion. *Monolithic*, 2021 U.S. Dist. LEXIS 205909, at *3. In summary, Defendant is correct that a plaintiff must show that it made a reasonable attempt at service through other means first.

This Court recently conformed its exercise of discretion to the "typical" practices recently described by the Federal Circuit. *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ("To be sure, courts have typically invoked Rule 4(f)(3) only when special circumstances have justified departure from the more conventional means of service."). This Court considers "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means." *Id.* This consideration guides the exercise of discretion but is not an exhaustion requirement. *Id.* This Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Due to the Federal Circuit's concern, this Court will not invoke "alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *Id.* at *3.

Thus, the Court's practice changed after the Federal Circuit issued its opinion in *OnePlus*, 2021 WL 4130643, on September 10, 2021. To the extent any pre-*OnePlus* decisions, such as *STC.UNM*, 2019 U.S. Dist. LEXIS 231994 (W.D. Tex. May 29, 2019), conflict with the typical practices described in *OnePlus*, the Court revised its practices to conform to *OnePlus*.

### III. ANALYSIS

As noted above, Aprese's email for Mr. Yonan to accept or waive service on AAG's behalf constitutes the only attempt by Aprese to serve AAG. ECF No. 20, 3; ECF No. 14-1. This Court finds service on a foreign defendant's domestic counsel to constitute a reasonable attempt to

effectuate service. Aprese's evidence, however, falls just short of proving the facts needed to meet this standard.

AAG will not authorize Mr. Yonan of Sterne, Kessler, Goldstein & Fox P.L.L.C. to accept or waive service on AAG's behalf. ECF No. 14-1. Instead, AAG makes its special appearance via a different law firm, Naman Howell Smith & Lee, PLLC.

Plaintiff's evidence falls just short of permitting the Court to find that Mr. Yonan *presently* represents AAG as its domestic counsel, and the Court expects that Mr. Yonan will not appear in this case given his inability to receive service on AAG's behalf. Instead of confirming that Mr. Yonan represents AAG, the evidence shows that AAG "will not authorize" him to receive on behalf of AAG. *Id*. The remaining evidence is outdated. At best, "Mr. Yonan has represented AUDI AG . . . as recently as November 2020." ECF No. 14 at 2. Plaintiff's Exhibit B is dated 2015, and Exhibit C is dated 2020. ECF No. 14-2; ECF No. 14-2. Even though Mr. Yonan represented AAG in the past, the evidence does enable the Court to determine whether Mr. Yonan still represents AAG today.

Plaintiff argues that "Mr. Yonan has been substantively reviewing the asserted patents and developing his client's defense." ECF No. 20 at 3. Plaintiff is correct that ECF No. 14-1 indicates Mr. Yonan found some prior art, but it remains unclear if Mr. Yonan found the prior art in the course of representing AAG's or if Mr. Yonan searched for the prior art as part of a failed pitch effort, only to have AAG decide to work with Naman Howell Smith & Lee, PLLC instead. Service on someone who does not presently represent the defendant is not a reasonable attempt to effectuate service. Due to the relative ease of confirming an attorney's representation, the Court expects evidence of representation to be clearer.

5

AAG is located in Germany, a signatory of the Hague Convention, and Plaintiff made no attempt to serve AAG there. Aprese makes no argument that the foreign country is not a Hague Convention signatory, that service will be futile, or that other "special circumstances have justified departure from the more conventional means of service." *OnePlus*, 2021 WL 4130643, at *3. Based on the Plaintiff's lack of effort to serve AAG via the Hague in combination with Plaintiff's belief that it need not make any attempt to serve AAG before filing its Motion, the Court infers that Plaintiff brought its Motion out of convenience. In line with the Court's more recent decisions, the Court does not permit alternative service where Aprese has not shown that it made some reasonable effort to serve AAG.

## IV. CONCLUSION

The Court **DENIES** Plaintiff Aprese Systems Texas, LLC's Motion for Leave to Effectuate Alternative Service on Defendant Audi AG.

SIGNED this 25th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE